Wilde J.
delivered the opinion of the Court. The general question raised by the pleadings is, whether Earle Flagg, the mortgagee, had any right to authorize the defendant to enter the close and deposit the hay, as alleged in the writ. In general, no doubt, a mortgagee has good right to enter and take possession of the mortgaged premises even before condition broken ; and he is only liable to be dispossessed by the performance of the condition at the time limited. But this *486 strict right of the mortgagee is rarely exercised, and may be restrained by the agreement of the parties that the mortgager shall hold the land till the day assigned for the payment of the money or the performance of the condition. Such an agreement is usually inserted in English mortgages and may operate by way of estoppel, covenant, condition, or reservation. Such a clause inserted in the mortgage deed, or other deed made at the same time and being part of the same transaction, is undoubtedly binding on the mortgagee ; and is to receive a liberal construction, as it generally has an operation beneficial to both parties. 2 Black. Com. 158.
Now we think it very clear, that the proviso in the mortgage deed from the plaintiff, necessarily implies such an agreement. The mortgage was given solely for the purpose of securing to Earle Flagg and his wife a moiety of the income of the mortgaged premises during their lives. • It is expressly provided that the plaintiff should occupy and cultivate the prem ises for the purpose of fulfilling the condition; and this must be considered as meaning exclusive occupation. The mortgagee, by accepting an estate with such a reservation, condition or limitation, is as much estopped to deny that such was the agreement of the parties, or to set up any right inconsistent with the obvious meaning of the proviso, as he would have been if the mortgage had been made in the form of an indenture. He impliedly agrees to the proviso by accepting the estate ; and when one accepts an estate, he must take it subject to the limitations and reservations contained in the grant. The proviso therefore may operate so as to vest the exclusive right of occupation and possession in the plaintiff, either by estoppel or by way of reservation. The mortgagee had no right to enter and disturb the plaintiff’s possession, except for the purpose of taking away his own share of the income or produce of the farm. If he authorized the defendant to enter for that purpose, it should have been so pleaded. But the pleadings show that the entry was not for that purpose ; it was therefore tortious, and the plaintiff is entitled to judgment.

Rejoinder adjudged insufficient.